IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SERGIO PARRA-MARTINEZ, | § | |
| Reg. No. 55821-180, | § | |
|     Movant, | § | |
| | § | EP-15-CV-348-KC |
| v. | § | EP-11-CR-530-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Sergio Parra-Martinez, through a motion under 28 U.S.C. § 2255 (ECF No. 112),[1] challenges the 210-month sentence imposed by the Court on December 20, 2011, after he pleaded guilty, pursuant to a plea agreement, to conspiring to import 100 kilograms or more of marijuana. Parra asserts the Court erred when it enhanced his sentence under the residual clause of the Armed Career Criminal Act ("ACCA") based on a prior state-court conviction for aggravated assault. Because it plainly appears from Parra's motion that he is "entitled to no relief,"[2] the Court will deny his motion.   The Court will additionally deny Parra a certificate of appealability.

## FACTUAL AND PROCEDURAL HISTORY

Between August and October of 2010, Parra made arrangements with a confidential source to import approximately 300 kilograms of marijuana into the United States from Mexico through the Bridge of the Americas Port of Entry in El Paso, Texas.  A grand jury sitting in the Western

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-11-CR-530-KC-1.   Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] 28 U.S.C.A. § 2255(b) (West); *see also* 28 U.S.C. foll. § 2255 Rule 4(b).

1

District of Texas, El Paso Division, returned a four-count indictment charging Parra with various drug trafficking offenses. Parra's attorney successfully negotiated a plea agreement with the United States of America ("the Government"). Under its terms, Parra agreed to plead guilty to count one charging him with conspiring to import 100 kilograms or more of marijuana. In exchange, the Government agreed to move to dismiss the remaining counts. The Court accepted Parra's plea and referred his case to a probation officer for a presentence investigation report ("PSR").

In the PSR, the probation officer recommended a career offender enhancement to Parra's base offense level under Sentencing Guideline § 4B1.1[3] because Parra had prior felony convictions for (1) aggravated assault with a deadly weapon in Cause Number 20020D02114 in the 243rd Judicial District Court of El Paso County, Texas;[4] (2) possession of between fifty and two-thousand pounds of marijuana in Cause Number 20030D00192 in the 243rd Judicial District Court of El Paso County, Texas;[5] and (3) conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana in Cause Number EP-04-CR-293-KC in the Western District of Texas.[6] The probation officer calculated an advisory guidelines range of 261 to 317 months'

---

[3] Presentence Investigation Report ¶ 29, ECF No. 85.  *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2010) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[4] Presentence Investigation Report ¶ 34.

[5] *Id.* at ¶ 35.

[6] *Id.* at ¶ 36.

2

imprisonment based on a total offense level of 34 and a criminal history category of VI.[7] The Court, however, initially sentenced Parra below the advisory guidelines range to 210 months' imprisonment,[8] and later reduced his sentence further to 188 months' imprisonment.[9] Parra did not appeal.

Mindful of Parra's *pro se* status,[10] the Court understands him to assert the Court erred when it enhanced his sentence under the residual clause of the Armed Career Criminal Act ("ACCA").[11] Relying on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Parra argues his conviction for aggravated assault with a deadly weapon, in violation of Texas Penal Code 22.02, in Cause Number 20020D02114 in the 243rd Judicial District Court of El Paso County, Texas, was "not a violent crime under the . . . now unconstitutional residual clause" of the ACCA.[12] In *Johnson*, the Supreme Court held that a portion of the statutory definition of "violent felony" in the ACCA "residual clause" was unconstitutionally vague; therefore, imposing an enhanced sentence based on that provision

---

[7] Id. at ¶ 64.

[8] J. Criminal Case, ECF No. 98.

[9] Am. J. Criminal Case, ECF No. 110.

[10] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)(" 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 206 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers).

[11] Mot. Vacate 17, ECF No. 112.

[12] *Id.*

3

violated due process.[13]  Parra suggests the Fifth Circuit has held "that aggravated assault was a residual clause crime under the ACCA and career offender enhancement."[14]  Parra asks the Court to re-sentence him in accordance with *Johnson*.[15]

## APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[16] Accordingly, " '[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[17]  Typically, before a court grants relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by

---

[13] *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

[14] Mot. Vacate 17 (citing *United States v. Cortez-Rocha*, 552 F. App'x 322, 326 (5th Cir. 2014) ("[A] conviction under Section 22.02, considered as the whole statute and without the ability to pare down his conviction to a particular subsection, cannot be a conviction for a crime of violence involving the enumerated offense of aggravated assault.").

[15] *Id.* at 23.

[16] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[17] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

law, or (4) the sentence is otherwise subject to collateral attack."[18] Thus, for example, a claim concerning the technical application of the advisory sentencing guidelines is not cognizable on a § 2255 motion because it does not give rise to a constitutional issue.[19]

Further, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[20] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final;[21] (2) the government-created impediment to filing the motion was removed;[22] (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion;[23] or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[24]

---

[18] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[19] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

[20] 28 U.S.C.A. § 2255(f) (West).

[21] *See id.* § 2255(f)(1) ("The limitation period shall run from . . . the date on which the judgment of conviction becomes final . . .").

[22] *See id.* § 2255(f)(2) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.").

[23] *See id.* § 2255(f)(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

[24] *See id.* § 2255(f)(4) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."); *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[25] Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' "[26] It "is permitted only 'in rare and exceptional circumstances.' "[27] Such circumstances include situations in which a movant is actively misled by the respondent " 'or is prevented in some extraordinary way from asserting his rights.' "[28] Additionally, " '[e]quity is not intended for those who sleep on their rights.' "[29] Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' "[30]

Finally, Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears . . . that the moving party is not entitled to relief[.]"[31]

## ANALYSIS

---

[25] *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[26] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[27] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[28] *Id*. (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)).

[29] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[30] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[31] 28 U.S.C. foll. § 2255 Rule 4(b); *United States v. Tarver*, 213 F.3d 635 (5th Cir. 2000).

In his motion, Parra maintains the Court erred when it enhanced his sentence under the ACCA's residual clause.  Relying on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Parra argues his conviction for aggravated assault with a deadly weapon in a Texas state court was "not a violent crime under the . . . now unconstitutional residual clause" of the ACCA.[32]  After carefully considering Parra's claims, the Court finds he is not entitled to § 2255 relief for three reasons: (1) *Johnson* is not retroactively available on collateral review; (2) Parra has two prior convictions for controlled substance offenses which make him subject to punishment as a career offender; and (3) Parra's claims are untimely.

### A. *Johnson v. United States*

The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .[33]

In *Johnson*, the Supreme Court held that the "residual clause" in the ACCA's definition of "violent felony" was "unconstitutionally vague."[34]  Imposing an enhanced sentence based on that

---

[32] Mot. Vacate 17, ECF No. 112.

[33] 18 U.S.C.A. § 924(e)(2)(B) (West).

[34] *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

provision, therefore, violated due process.[35]

## B. *Johnson* Is Not Retroactively Available on Collateral Review

Assuming the Court sentenced Parra on December 20, 2011, under the ACCA's residual clause, the Fifth Circuit Court of Appeals held on November 12, 2015, that "*Johnson* is not available . . . on collateral review."[36]  The Fifth Circuit reasoned:

> To overcome the general bar to retroactivity of new rules on collateral review, [a movant] must meet one of two narrow exceptions to *Teague v. Lane* [489 U.S. 288 (1989)].  The first is a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. . . . *Johnson* plainly is not such a watershed rule and no one seriously argues otherwise.  To be available to [a movant], then, *Johnson* must fall within the second exception to Teague—as a new substantive rule.  Under this exception, substantive rules should be understood to cover not only rules forbidding criminal punishment of certain primary conduct but also rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.  Of course, *Johnson* does not forbid the criminalization of any of the conduct covered by the ACCA—Congress retains the power to increase punishments by prior felonious conduct.  It signifies that *Johnson* took down the residual clause of the ACCA on vagueness grounds, a denial of due process, which is no way forbids the regulatory objective—only insisting upon sufficient clarity as to give fair notice of how it is to be achieved.  More to the point, though, is that *Johnson* also does not forbid a certain category of punishment. . . . Rules that deprive the State of the power to impose a certain penalty are retroactive, but rules that merely alter the sentencing structure under which a penalty is imposed are not.  *Johnson* merely mandates that

---

[35] *Id.* at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.  Our contrary holdings in *James* and *Sykes* are overruled.  Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

[36] *In re Williams*, No. 15-30731, 2015 WL 7074261, at *2 (5th Cir. Nov. 12, 2015).

8

Congress require such punishment with greater clarity . . . [37]

### C. Parra Has Two Prior Convictions for Controlled Substance Offenses

Further, according to Sentencing Guideline § 4B1.1(a), "[a] defendant is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[38] In this case, Parra pleaded guilty to the felony offense of conspiring to import 100 kilograms or more of marijuana and had two prior felony convictions for controlled substance offenses: possession of between fifty and two-thousand pounds of marijuana in Cause Number 20030D00192 in the 243rd Judicial District Court of El Paso County, Texas;[39] and conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana in Cause Number EP-04-CR-293-KC in the Western District of Texas.[40] Thus, even if the Court did not consider Parra's conviction for aggravated assault with a deadly weapon, he still qualified for sentencing as a career offender under Sentencing Guideline § 4B1.1(a).

### D. Parra's Claim is Time Barred

Finally, in most cases, § 2255's limitations period begins to run when the judgment of

---

[37] *Id.* (quotations and citations omitted).

[38] U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2010).

[39] Presentence Investigation Report ¶ 35, ECF No. 85.

[40] *Id.* at ¶ 36.

9

conviction becomes final.[41]  A judgment becomes final when the applicable period for seeking direct review expires.[42]  In this case, the Court entered its judgment on December 20, 2011, and Parra's conviction became final on January 3, 2012, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[43]  Accordingly, Parra's time period for filing a § 2255 motion within one year after his conviction became final expired on January 3, 2013.  Parra constructively filed his instant motion on November 16, 2015, the day on which he signed and presumably placed it in the prison mail system.[44]  Thus, Parra submitted it 1047 days beyond the deadline.[45]  His motion is untimely, and must be denied, unless another provision of § 2255 or equitable tolling applies.

   Parra does not allege a government-created impediment prevented him from filing his

---

[41] *See Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.' ") (quoting 28 U.S.C. § 2255(f)(1)).

[42] *Id.* at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[43] *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[44] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[45] *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) ("Because the sentence reduction has no impact on the finality of Olvera's conviction, his motion was untimely under § 2255(f)(1).").

motion.[46]  Further, he does not suggest he recently discovered the factual predicate for his motion through the exercise of due diligence.[47]  Moreover, he does not assert that he "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[48]

Parra does note he filed his motion within one year after the Supreme Court handed down its *Johnson* opinion, " 'the date on which [he claims] the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review.' "[49]  However, as the Court explained above, the Fifth Circuit held on November 12, 2015, that "*Johnson* is not available . . . on collateral review."[50]  Thus, Parra has not met his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his motion.[51]  Accordingly, it appears that Parra's motion is time barred and that he is not entitled to equitable tolling.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and

---

[46] 28 U.S.C.A. § 2255(f)(2) (West).

[47] *Id.* § 2255(f)(4).

[48] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[49] Mot. Vacate 16 (quoting 28 U.S.C. § 2255(f)(3)).

[50] *In re Williams*, No. 15-30731, 2015 WL 7074261, at *2 (5th Cir. Nov. 12, 2015).

[51] *Lawrence*, 549 U.S. at 336.

records of the case conclusively show that the defendant is not entitled to relief.[52] The record in this case is adequate to dispose fully and fairly of Parra's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit . . . justice or judge issues a certificate of appealability."[53] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[54] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[55] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[56] Here, Parra's § 2255 motion fails because he has not made a

---

[52] *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[53] 28 U.S.C. § 2253(c)(1)(B) (West).

[54] *Id*. § 2253(c)(2).

[55] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[56] *Slack*, 529 U.S. at 484.

substantial showing of the denial of a constitutional right. Thus, the Court finds it should deny Parra a certificate of appealability.

## CONCLUSIONS AND ORDERS

Therefore, for the reasons stated above, the Court concludes it should deny Parra's motion and dismiss his civil cause without a hearing. The Court further concludes that Parra is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Parra is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Parra's motion under 28 U.S.C. § 2255 (ECF No. 112) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that Parra is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 16th day of December, 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE